IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| V. § | |
| § | No. 3:21-cr-270-K |
| CANDACE LEIGH ROBERSON, § | |
| § | |
| Defendant. § | |

## MEMORANDUM OPINION AND ORDER OF DETENTION

Defendant Candace Leigh Roberson is charged with violating 21 U.S.C. § 846, Conspiracy to Possess with Intent to Distribute a Controlled Substance, in an indictment filed in this district.

On July 7, 2021, the Court held a hearing on the government's motion for detention. Defendant appeared in person and through counsel and announced ready to proceed. The government appeared through an Assistant United States Attorney for the Northern District of Texas and likewise announced ready.

The government moves for pretrial detention pursuant to 18 U.S.C. § 3142. "The provisions of 18 U.S.C. §§ 3142 and 3144 govern pretrial release." FED. R. CRIM. P. 46(a).

Defendant is eligible for pretrial detention under 18 U.S.C. § 3142(f)(1)(C) because Defendant is charged by an indictment with an offense for which a maximum

-1-

term of imprisonment of ten years or more is prescribed in the Controlled Substances Act (21 U.S.C. § 801 *et seq.*).

Under the Bail Reform Act, "[i]f, after a hearing pursuant to the provisions of [18 U.S.C. § 3142(f)], the judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community, such judicial officer shall order the detention of the person before trial." 18 U.S.C. § 3142(e)(1). "For pretrial detention to be imposed on a defendant, the lack of reasonable assurance of either the defendant's appearance, or the safety of others or the community, is sufficient; both are not required." *United States v. Rueben*, 974 F.2d 580, 586 (5th Cir. 1992).

Further, the government has invoked the 18 U.S.C. § 3142(e)(3) rebuttable presumption, which applies in this case because the Court finds that there is probable cause to believe based on the indictment that Defendant has committed an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act (21 U.S.C. § 801 *et seq.*) and an offense under 18 U.S.C. § 924(c). Section 3142(e)(3) mandates that, in such a case as this, "it shall be presumed that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community." 18 U.S.C. § 3142(e)(3). Where, as here, the presumption applies, although the burden of persuasion remains

always with the government, Defendant must produce sufficient evidence to rebut the presumption. *See United States v. Hare*, 873 F.2d 796, 798-99 (5th Cir. 1989).

Even if Defendant has come forward with sufficient evidence to rebut the presumption that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community, the government may prove by a preponderance of the evidence that there is no condition or combination of conditions that could be set to reasonably assure Defendant's appearance as required or by clear and convincing evidence that there is no condition or combination of conditions that will reasonably assure the safety of the community or another person if Defendant were released. *See United States v. Fortna*, 769 F.2d 243, 250 (5th Cir. 1985). And "the mere production of evidence does not completely rebut the [Section 3142(e)(3)] presumption"; "[i]n making its ultimate determination, the court may still consider the finding by Congress that drug offenders pose a special risk of flight and dangerousness to society." *United States v. Rueben*, 974 F.2d 580, 586 (5th Cir. 1992).

The presumption of innocence is relevant under the Bail Reform Act insofar as the Court cannot detain someone because it believes that she is guilty and wants to impose pre-conviction punishment in the form of pretrial detention. *See Bell v. Wolfish*, 441 U.S. 520 (1979); 18 U.S.C. § 3142(j) ("Nothing in this section shall be

construed as modifying or limiting the presumption of innocence."); *see also United States v. Stanford*, 392 F. App'x 72, 74 (5th Cir. 2010) ("The Due Process Clause of the Fifth Amendment forbids pretrial detention that is punitive, rather than regulatory, in nature. The Supreme Court has generally upheld the constitutionality of the Bail Reform Act, under which the district court here has ordered Stanford's pretrial detention, as serving regulatory and not punitive ends." (citations omitted)).

But a defendant charged with a federal crime and eligible for detention under the Bail Reform Act cannot, without more, invoke the presumption of innocence to avoid detention under the statute. While the presumption remains, so does the availability of pretrial detention under the Bail Reform Act, which the United States Supreme Court has found to be constitutional.

And neither does the existence of the presumption of innocence dictate that the Court cannot or should not look at and consider the nature and circumstances of the alleged offense or the alleged proof in support of the defendant's guilt. Two 18 U.S.C. § 3142(g) factors direct the Court to do just that. *See* 18 U.S.C. § 3142(g) ("The judicial officer shall, in determining whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community, take into account the available information concerning – (1) the nature and circumstances of the offense charged, including

whether the offense is a crime of violence, a violation of section 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device; (2) the weight of the evidence against the person…."); *United States v. Emakoji*, 990 F.3d 885, 894 (5th Cir. 2021) ("Second, although Emakoji enumerates his gripes with the court's explanation of the alleged crime, he doesn't explain the legal significance of the court's alleged error. And for good reason. The Bail Reform Act requires courts, in determining the appropriate conditions of release, to 'take into account ... the nature and circumstances of the offense charged ....' § 3142(g)(1).").

And another Section 3142(g) factor directs the Court to consider whether a defendant is on pretrial release on other pending federal, state, or local charges. *See* 18 U.S.C. § 3142(g) ("The judicial officer shall, in determining whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community, take into account the available information concerning – … (3) the history and characteristics of the person, including – (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and (B) whether, at the time of

the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law….").

Neither is it true that a court can only consider the nature and circumstances of the alleged offense or the alleged proof in support of the defendant's guilt if the government actually proves the defendant's guilt. 18 U.S.C. § 3142 specifically authorizes pretrial detention before an adjudication of guilt. *See Bell*, 441 U.S. at 536 ("A person lawfully committed to pretrial detention has not been adjudged guilty of any crime."). And Section 3142 imposes a burden of proof lower than the beyond-a-reasonable-doubt standard. *See* 18 U.S.C. § 3142(f) ("The facts the judicial officer uses to support a finding pursuant to subsection (e) that no condition or combination of conditions will reasonably assure the safety of any other person and the community shall be supported by clear and convincing evidence."); *Fortna*, 769 F.2d at 250 ("That is to say, to order detention on this ground the judicial officer should determine, from the information before him, that it is more likely than not that no condition or combination of conditions will reasonably assure the accused's appearance"); *see also United States v. Jackson*, 19 F.3d 1003, 1007 (5th Cir. 1994) ("Clear and convincing evidence is that weight of proof which produces in the mind of the trier of fact a firm belief or conviction as to the truth of the allegations sought to be established, evidence

so clear, direct and weighty and convincing as to enable the fact finder to come to a clear conviction, without hesitancy, of the truth of the precise facts of the case." (cleaned up)).

By the same token, pretrial release is not inappropriate – that is, pretrial detention is not required – in every case in which the government charges a defendant with a crime that is considered particularly serious (which are generally the only offenses for which detention is authorized at all under 18 U.S.C. § 3142(f)), or for which the government has strong evidence, or for which the defendant is exposed to a lengthy sentence. 18 U.S.C. § 3142 does not authorize detention because it is time for such a defendant to start "doing his time" or because he deserves to be locked up immediately due to his offense conduct.

Defendants can waive a detention hearing under 18 U.S.C. § 3142(f) and essentially choose for themselves to start serving their sentences. *See* 18 U.S.C. § 3585(b)(1) ("A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences – (1) as a result of the offense for which the sentence was imposed….").

But the government's desire to see a defendant start serving his sentence is not a proper basis for a detention decision on a contested motion under the Bail

Reform Act. There is a difference under the Bail Reform Act between (1) the universe of people whom prosecutors and law enforcement agents consider to be "bad men" – or have probable cause to believe are involved with or connected to criminal activity that may be particularly repugnant or traumatizing or scary – and (2) the universe of people whom the governing legal standards consider to be, even with restrictive conditions, too dangerous going forward after arrest to be released while their cases are pending. There is at least not a complete overlap. And the pertinent question is whether even a "bad man" can be subjected to conditions of release that will reasonably assure (not guarantee) that he will not engage in harmful or illegal conduct in general or toward a specific person – and that he will show up to court and for other court-obligations as required – if he is released. *See United States v. Ladd*, No. 3:18-cr-100-L, 2020 WL 6083009, at *1-*2 (N.D. Tex. Oct. 15, 2020).

As to the risk of danger to an individual or the community, the United States Supreme Court held, in upholding the constitutionality of the Bail Reform Act, that, "[w]hen the Government proves by clear and convincing evidence that an arrestee presents an identified and articulable threat to an individual or the community, … consistent with the Due Process Clause, a court may disable the arrestee from executing that threat." *United States v. Salerno*, 481 U.S. 739, 751 (1987); *accord Foucha v. La.*, 504 U.S. 71, 81 (1992) (explaining that *Salerno* held that, under the

Bail Reform Act, "[i]n addition to first demonstrating probable cause, the Government was required, in a full-blown adversary hearing, to convince a neutral decisionmaker by clear and convincing evidence that no conditions of release can reasonably assure the safety of the community or any person, i.e., that the arrestee presents an identified and articulable threat to an individual or the community" (internal quotation marks omitted)); *United States v. Munchel*, 991 F.3d 1273, 1282-83 (D.C. Cir. 2021) ("The crux of the constitutional justification for preventive detention under the Bail Reform Act is that '[w]hen the Government proves by clear and convincing evidence that an arrestee presents an identified and articulable threat to an individual or the community, ... a court may disable the arrestee from executing that threat.' *Salerno*, 481 U.S. at 751, 107 S. Ct. 2095. Therefore, to order a defendant preventatively detained, a court must identify an articulable threat posed by the defendant to an individual or the community. The threat need not be of physical violence, and may extend to non-physical harms such as corrupting a union." (internal quotation mark and citation omitted)); *United States v. Cisneros*, 328 F.3d 610, 619 (10th Cir. 2003) ("We are satisfied that the government has shown by clear and convincing evidence that Cisneros presents 'an identified and articulable threat' to an individual or the community. *United States v. Salerno*, 481 U.S. 739, 751, 107 S. Ct. 2095, 95 L. Ed. 2d 697 (1987).").

And, so, although the Court can consider the nature and circumstances of the charged offense, the Court cannot detain based only on alleged past conduct, without finding based on "clear and convincing evidence that an arrestee presents an identified and articulable [future or ongoing] threat to an individual or the community", that is, "[clear and] convincing proof that the arrestee, already indicted or held to answer for a serious crime, presents a demonstrable danger to the community" or to an individual, "which no condition [or combination of conditions] of release can dispel." *Salerno*, 481 U.S. at 750-52, 755. Detaining a defendant based on dangerousness due to alleged past conduct, without the required finding, would amount to punitive incarceration for a charged offense for which the defendant has not been convicted.

Here, the government has met its burden under the governing law to show by clear and convincing evidence that there is no condition or combination of conditions that will reasonably assure the safety of the community or another person if Defendant were released. In making this determination, the Court has considered the testimony of the case agent, the arguments of counsel, and the report of the pretrial services officer, all in light of the factors listed in Section 3142(g) – including the nature and circumstances of the charged offense; the apparent weight of the evidence against Defendant; Defendant's history and characteristics; whether

Defendant was, at the time of the current offense or arrest, on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under federal, state, or local law; and the nature and seriousness of the danger to any person or the community that would be posed by Defendant's release.

Defendant offered no evidence to rebut the presumption. For the reasons stated on the record at the hearing, the Court finds that, even if Defendant had come forward with some evidence to rebut the Section 3142(e)(3) presumption, the government still has proved that there is no combination of conditions that could be set to reasonably assure the safety of the community if Defendant were released.

The evidence shows that Defendant has multiple pending state charges for drug and firearms offenses as well as four counts of manslaughter for a traffic accident in which four members of a family were killed. Defendant is on bond on all of these charges. But the evidence also shows that, while on bond, Defendant has been involved in dealing GHB and apparently planning to rob one of her drug customers.

The Court understands, as explained above, that Defendant is presumed innocent of the federal charge in this case and the pending state charges. But the governing law on pretrial release and detention still permits and, in fact, directs the Court to consider these matters. And the government here has done more than assert,

without more, that Defendant is a bad or dangerous person. The case agent testified to specific facts, derived from a search and review of text messages on Defendant's phone, that support findings, based on clear and convincing evidence, that Defendant poses a specific threat and danger to continue to engage in dealing illegal drugs even if released on restrictive conditions – as she has been on her bonds on pending state charges while continuing to engage in dealing GHB.

Based on the facts explained above, and the Court's findings based on those facts, with or without the rebuttable presumption, the Court finds that there is no condition or combination of conditions that could be set to reasonably assure the safety of the community if Defendant were released. Accordingly, the Government's motion for detention is GRANTED.

It is ORDERED that Defendant be, and she is hereby, committed to the custody of the Attorney General and United States Marshal pending further proceedings.

It is ORDERED that while in the custody of the Attorney General and the United States Marshal, Defendant shall be confined in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.

It is ORDERED that Defendant, while being so held, be afforded reasonable opportunity for private consultation with counsel.

It is further ORDERED that, on an Order of a Court of the United States or at the request of the attorney for the Government, the person in charge of the corrections facility in which Defendant is confined shall deliver Defendant to a United States Marshal for the purpose of an appearance in connection with court proceedings.

SO ORDERED.

DATED: July 7, 2021

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE